IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLARENCE HICKS, #33284-037     *

         Petitioner               *

         v.                      *   CIVIL NO. ELH-16-2608

WARDEN                        *

**<u>MEMORANDUM OPINION</u>**

Clarence Hicks, a federal prisoner confined at FCI-Allenwood, Pennsylvania, submitted correspondence indicating his disagreement with his Unit Team's decision to recommend a six-month placement in a Residential Reentry program. ECF 1. Because Hicks' correspondence is a challenge to the execution of his sentence, it has been deemed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

Hicks was convicted in this court in 1999 of conspiracy to distribute cocaine and cocaine base.[1] *See United States v. Hicks,* Criminal No. ELH-98-0259 (D. Md.). He appears close to completion of his sentence, reduced to 262 months on June 17, 2015. *Id.,* ECF 866. In the instant petition, Hicks expresses concern that 12 months of a halfway house placement will prove insufficient to transition him into the community, given his lengthy period of incarceration and lack of family ties. Hicks' desire for programming is commendable. But, his case is not properly before this court.

A prisoner's custodian, in this case the Warden of FCI Allenwood, is the proper respondent in a habeas corpus proceeding. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party

---

[1] The case was assigned to the Honorable Benson Legg, who has since retired. Therefore, the case has been reassigned to me.

detained, with the power to produce the body of such party before the court or judge."); *see also* 28 U.S.C. § 2243 (providing that any habeas petition must be directed at "the person having custody of the person detained'). Courts may grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This means that in a § 2241 action, the petition must be filed in the district court of the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1990).

In this case, Hicks is in the custody of the Warden at the Federal Correctional Institution-Allenwood, located in White Deer, Pennsylvania. That federal facility is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. For this reason, this case will be transferred to that court.[2]

A separate Order follows.

Date: July 20, 2016                                   _____/s/_____
                                                                        Ellen L. Hollander
                                                                        United States District Judge

---

[2] Hicks may not have anticipated his correspondence to be construed as a Petition. For that reason, and based on the transfer of the case, this court makes no finding with regard to the requirement that he complete an in forma pauperis motion and affidavit or pay the $5.00 filing fee.